## ROBERT RILEY

*v.*

## HUGH QUIGLEY.

This is the same case reported in 50 Ill. 304, and the only question considered in the opinion of the court is the credibility of the additional testimony adduced on another hearing in the court below.

APPEAL from the Circuit Court of Sangamon county; the Hon. B. S. EDWARDS, Judge, presiding.

Messrs. J. C. & C. L. CONKLING, for the appellant.

Mr. CHARLES S. ZANE, and Messrs. HERNDON & ORENDORFF, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This case has already been before this court, and is reported in 50 Ill. 304, where the facts will be found stated. It has since been heard in the court below, and a decree *pro forma* entered for complainant.

The only difference between the present record and that formerly before us, is, that since the former hearing, the complainant has taken the depositions of Michael Quigley and Mary Furlong. Quigley is sworn for the purpose of showing he gave Riley notice of Hugh Quigley's mortgage at the time Riley bought. He admits, however, in his deposition, that he falsely told Riley's attorneys there was no mortgage, and this admission, and the fact that his testimony is inconsistent with the other evidence in the case, coming from unimpeached sources, compel us to discredit his statement.

Mary Furlong testifies as to what took place when Riley went to the land to inquire of Hugh Quigley if he had a mortgage. Her testimony, however, is controverted by that of Rayburn, a wholly disinterested witness, who went with Riley, with full knowledge of the nature of the business, and

his recollection of what was said is entitled to much more confidence than that of Mary Furlong, who was only accidentally present for a part of the time, if indeed she was present at all.   Discredit is also cast upon some of her statements by the testimony of other witnesses besides Rayburn

We adhere to our former views in regard to the case.

The decree is reversed and the cause remanded.

*Decree reversed.*